**FEDERAL TRADE COMMISSION,**
Plaintiff,

v.

**CASE EQUIPMENT COMPANY and Anthony J. Casella, Defendants.**

Civ. No. 89–0175–P–C.

United States District Court, Maine.

May 17, 1993.

Sara Greenberg, Boston, MA, for plaintiff.

Charles Kadish, Portland, ME, for defendants.

### MEMORANDUM OF DECISION AND ORDER

GENE CARTER, Chief Judge.

The parties in this case reached a settlement which was later incorporated into the Court's Stipulated Order for Permanent Injunction and Final Judgment, dated August 6, 1991. The Order required, in part, that Defendants be required "to pay, to Plaintiff, pursuant to 15 U.S.C. section 57b, monetary redress in the amount of $250,000, due and payable on July 8, 1991, or on or before the twentieth day following the entry of this Order, whichever is later." To date, no payment has been made to the Federal Trade Commission.

Plaintiff has filed a Motion for an Order to Show Cause Why Defendants Should Not Be

Held in Contempt (Docket No. 72) on March 3, 1993, along with a Memorandum in Support thereof (Docket No. 73), and attached exhibits. Defendants responded with a Memorandum in Opposition to Plaintiff's Motion for an Order to Show Cause (Docket No. 76) and supporting affidavits.

## ANALYSIS

■ The question before this Court is what threshold showing is required in order for the Court to hold an evidentiary hearing on civil contempt. Generally, due process requires that the court inform the alleged contemnor of the contemptuous conduct, and provide a hearing in which the alleged contemnor may explain why the court should not make a contempt finding. *Citronelle–Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir.1991); *Newton v. A.C. & S., Inc.*, 918 F.2d 1121, 1127 (3d Cir.1990); *United States v. City of Yonkers*, 856 F.2d 444, 452 (2d Cir.1988); *In re Grand Jury Proceedings*, 795 F.2d 226, 234 (1st Cir.1986), *cert. denied*, 479 U.S. 1064, 107 S.Ct. 950, 93 L.Ed.2d 999.

■ However, less than full adversary hearings have been held to comport with due process in the civil contempt context under certain circumstances. *In re Grand Jury*, 795 F.2d at 234. The Second Circuit has held that a full adversary hearing, including the right to call witnesses, is not necessary where the facts surrounding the contempt are undisputed and cannot be further elucidated by evidence. *In re Rosahn*, 671 F.2d 690, 695 (2d Cir.1982) (contempt stemming from refusal to submit to photographing and fingerprinting and to provide hair and writing samples does not require full adversary hearings). The Seventh Circuit similarly found that an evidentiary hearing is not required in a civil contempt proceeding where documentary evidence clearly establishes the contempt and no material issues of fact were raised. *Commodity Futures Trading Commission v. Premex, Inc.*, 655 F.2d 779, 782 n. 2 (7th Cir.1981).

The Court of Appeals for the First Circuit applied what it called the "*Aoude* test" in

*Morales–Feliciano v. Parole Board of Puerto Rico*, 887 F.2d 1, 6 (1st Cir.1989), *cert. denied*, 494 U.S. 1046, 110 S.Ct. 1511, 108 L.Ed.2d 646, when examining whether its prior civil contempt order in this prison conditions case was properly issued without a hearing. The Commonwealth argued that the court issued its prior contempt order "without the prior hearing that the law requires." *Id.* The court explained that, in analogous circumstances, it had previously held that "in certain settings, a matter can adequately be "heard" on the papers ... [if], given the nature and circumstances of the case, ... the parties ha[d] a fair opportunity to present relevant facts and arguments to the court, and to counter the opponent's submissions[.]" *Id.* (citing *Aoude v. Mobil Oil Corp.*, 862 F.2d 890, 894 (1st Cir.1988) (citation omitted) (discussing necessity for hearing on preliminary injunction). In *Morales–Feliciano*, 887 F.2d at 6–7, the court held that the issuance of the contempt order "passed" the *Aoude* test because the Commonwealth had adequate notice and an opportunity to present evidence and arguments in writing, and because the Commonwealth failed to point to disputed factual matters and to request an evidentiary hearing.

■ In the case at bar, unlike in *Morales–Feliciano*, there are significant disputed issues regarding Defendants' ability to pay the $250,000. These include, *inter alia*, whether, in connection with a presentencing investigation of Casella for a 1991 larceny conviction conducted by the state probation department, Casella reported that he owned over $800,000 worth of assets, including $790,000 worth of real estate in Maine; and whether the financial information contained in the Casella's credit application dated April 19, 1990, reporting their total assets as $2.6 million, is incorrect. Hence, the case at bar fails the *Aoude* test because, given these controverted facts, it cannot be adequately "heard" on the papers, despite the parties' adequate opportunity to present facts and argument to the court.[1]

■ Impossibility is a valid defense to charges of civil contempt. *Fortin v. Com-*

---

1. Given the genuine issues of material fact which remain, the case at bar does not fall under the exceptions to the due process hearing require-

ment described by the Second and Seventh Circuit Courts of Appeal, respectively, in *In re Ro-*

*missioner of Massachusetts Dept. of Public Welfare,* 692 F.2d 790, 796 (1st Cir.1982). However, given the disputed facts regarding Defendants' ability to pay the $250,000 required, the Court is unable to determine, on the papers submitted, whether Defendants may properly assert the defense of financial impossibility. Thus, given the aforementioned factual disputes and their relevance to the Court's ruling on the civil contempt charges, this Court must require an evidentiary hearing.

Accordingly, it is ORDERED that Plaintiff's Motion for an Order to Show Cause be, and it is hereby, GRANTED. An evidentiary hearing, limited to one hour, regarding Defendants' alleged civil contempt will be scheduled by the Clerk as soon as the Court's docket will permit. Counsel for the Plaintiff shall file forthwith, for approval by the Court, a proposed Order to Show Cause why Defendant Anthony J. Casella should not be held in contempt of this Court's Order of August 6, 1991. Such proposed Order shall satisfy notice requirements of procedural due process.

So ORDERED.

*sahn,* 671 F.2d at 695, and *Commodity Futures* *Trading Commission,* 655 F.2d at 782 n. 2.