**FEDERAL TRADE COMMISSION,**
Plaintiff,

v.

**CASE EQUIPMENT COMPANY, and**
**Anthony J. Casella, Defendants.**

Civ. No. 89–0175–P–C.

United States District Court,
D. Maine.

July 26, 1993.

Joanne I. Simonelli, Isaacson & Raymond, Lewiston, ME, Sara V. Greenberg, Federal Trade Commission Boston Regional Office, Boston, MA, Peter B. Dublin, Rocheleau, Fournier & Lebel, Lewiston, ME, for plaintiff.

Charles R. Kadish, Rufus E. Brown, Drummond, Woodsum, Plimptom & Macmahon, Portland, ME, for defendants.

**MEMORANDUM OF DECISION
AND ORDER**

GENE CARTER, Chief Judge.

The parties in this case reached a settlement which was later incorporated into the Court's Stipulated Order for Permanent Injunction and Final Judgment, dated August 6, 1991. The Order required, in part, that Defendants be required "to pay, to Plaintiff, pursuant to 15 United States Code section 57(b), monetary redress in the amount of $250,000, due and payable on July 8, 1991, or on or before the twentieth day following the entry of this Order, whichever is later." To date, no payment has been made to the Federal Trade Commission ("the FTC"). Neither party disputes that Case Equipment Company has since gone out of business and cannot satisfy any portion of the outstanding judgment. Therefore, the FTC seeks to satisfy its judgment exclusively against Defendant Anthony J. Casella ("Mr. Casella").

On March 3, 1993, Plaintiff filed a Motion for an Order to Show Cause Why Defendants Should Not Be Held in Contempt (Docket No. 72) along with a Memorandum in Support thereof (Docket No. 73), and attached exhibits. Defendant responded with a Memorandum in Opposition to Plaintiff's Motion for an Order to Show Cause (Docket No. 76) and supporting affidavits.

## ANALYSIS

Civil contempt sanctions are designed either to compensate the injured party or to coerce the defendant into complying with a Court's order. *U.S. v. Bayshore Associates,* 934 F.2d 1391, 1400 (6th Cir.1991); *Roe v. Operation Rescue,* 919 F.2d 857, 868 (3d Cir.1990). Because civil contempt is imposed to coerce present or future compliance with an order of the court, *In re Kave,* 760 F.2d 343, 351 (1st Cir.1985), impossibility of performance is a valid defense to charges of civil contempt. *Fortin v. Commissioner of Massachusetts Dep't of Public Welfare,* 692 F.2d 790, 796 (1st Cir.1982). In light of disputed facts regarding Defendant's ability to pay the $250,000 required under the Order, on May 20, 1993, this Court ordered an evidentiary hearing in order to determine whether Mr. Casella was, in fact, able to pay the amount of the civil penalty imposed by the Court's August 6, 1991 Order, 821 F.Supp. 790.

Such hearing was held on July 21, 1993. No evidence submitted at the evidentiary hearing established, to this Court's satisfaction, that Mr. Casella is presently, or will be in the future, able to pay the $250,000. Mr. Casella testified that: he currently owns no property in or outside the United States; he has no accounts with financial institutions in or outside the United States; and he has no assets whatsoever. The FTC attempted to establish, largely through financial statements allegedly prepared by Mr. Casella, that Mr. Casella had a substantial fortune in the early 1990s. However, financial statements submitted to various persons with whom Mr. Casella was in business in the past are virtually irrelevant to the determination of contempt in this instance. Even if the Court finds that those documents were signed and submitted by Mr. Casella, such documents represent his assets *at that time* (generally between 1989 and 1991). There was no evidence that Mr. Casella currently has access to any of the assets represented in those documents.

This Court finds that it is not demonstrated by the record that Mr. Casella is able to comply with the Court's order. The FTC offered no direct evidence to challenge effectively that defense.[1] Hence, Mr. Casella cannot be held in civil contempt.

Accordingly, it is *ORDERED* that the motion be, and it is hereby, *DENIED*.

So *ORDERED.*

---

1. The Court notes that there is an exception to this defense. Where the person charged with contempt is responsible for his inability to comply with the Court's order, impossibility is not a defense to contempt proceedings. *Pesaplastic, C.A. v. Cincinnati Milacron Co.,* 799 F.2d 1510, 1521–22 (11th Cir.1986); *United States v. Asay,* 614 F.2d 655, 659–60 (9th Cir.1980).

In order to apply this exception in the case at bar, the FTC must establish that: 1) Mr. Casella had the requisite $250,000 on the date of judgment (August 6, 1991); and 2) Mr. Casella acted to make his assets unavailable to satisfy the judgment. The Court is not convinced as to the first prong, and the FTC presented no evidence to support the second prong. Thus, this exception to the defense of inability to comply with the Court's order is unavailable in the case at bar.